**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT MCCLENAGHAN AND NINA | : | |
| HELLER (NEE VIZITEI) JOINTLY D/B/A | : | |
| MAIN STREET ADOPTION SERVICE LLP | : | |
| Plaintiffs, | : | CIVIL ACTION NO.  09-5497 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA TURI, ET AL., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| GUY TURI, ET AL., | : | CIVIL ACTION NO.  11-3761 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MAIN STREET ADOPTION SERVICES, LLP, | : | |
| ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM & ORDER**

**Tucker, J.**                                                                              **September ____, 2011**

   Presently before this Court is the Motion to Consolidate (Civil Action No. 09-5497, Doc.

94) filed by Defendants Melissa and Guy Turi and Plaintiffs' Response in Opposition thereto

(Doc. 95).  For the reasons set forth below, this Court denies Defendants' Motion to consolidate

the above-captioned actions.

**FACTUAL BACKGROUND**

   On November 18, 2009, Plaintiffs Robert McClenaghan and Nina Heller d/b/a Main

Street Adoption Service LLP ( hereinafter "Plaintiffs" or "MS") filed suit, Civ. Action No. 09-

05497, against Defendants Melissa and Guy Turi (hereinafter "the Turis"), Ziara and Ben Bierig

(hereinafter "the Bierigs"), LabCorp Holdings, Patricia Sprague, The Do Good Charitable

Foundation (a/k/a GuatAdopt.com), and Kevin Krutner.  Plaintiffs allege that Defendants conspired to ruin their reputation and business by posting defamatory statements about the agency on various adoption-oriented web-sites and that they were ultimately forced to cease operation in August 2009 as a result of Defendants' actions.  The Complaint contains six counts including claims for breach of contract, tortious interference with existing and prospective contracts, civil conspiracy, defamation, and trade libel.[1]

On June 7, 2011, Melissa and Guy Turi, along with four other couples not parties to the first action, filed suit against MS, asserting violations of the Federal Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et. seq., and the Mail and Wire Fraud Statutes, 18 U.S. C. § 1341, 1343. Plaintiffs also filed several state and common law claims including unjust enrichment, conversion, civil conspiracy, misrepresentation, intentional

---

[1] The pertinent facts leading to the instant action are as follows. In 2000, Plaintiffs organized and operated Main Street Adoption Service, LLP, ("MS") a private adoption agency registered in Pennsylvania that specialized in international adoptions.  MS advertised its services through websites and obtained the majority of its client referrals through the internet.  Both the Bierigs and the Turis contacted MS to assist them in adopting a child.  In February 2004, the Bierigs contracted with MS to help them adopt a child from Kazakhstan. In April 2007, the Turis contracted with MS to help them adopt a child from Guatemala. Neither the Bierigs' nor the Turis' adoption was successful due to complications that Plaintiffs claim were beyond their control.

In April 2008, the Turis began posting messages about their failed adoption experience on adoption-oriented blogs and social networking sites, specifically GuatAdopt.com.  Plaintiffs allege that the postings were part of a plan orchestrated by the Turis to use the internet to ruin their business and reputation and that the Turis "recruited" other couples having similar failed adoption experiences to do the same.  One such couple they allegedly recruited was the Bierigs.

Plaintiffs also joined Defendants GuatAdopt.com and Kevin Krutner, the lead writer of the site, alleging that the site published false statements without verifying the veracity. Between 2006 and 2009, Plaintiffs and Defendant LabCorp entered into numerous contracts for the testing of DNA for each prospective adoptive child from Guatemala.  Plaintiffs allege that Defendant Patricia Sprague, an employee of LabCorp, violated the confidentiality clauses of these contracts and shared information with the Turis and Krutner to allegedly aid them in their conspiracy to destroy Main Street Adoptions.  Main Street Adoptions ceased operations in August 2009 allegedly as a result of Defendants' actions.

infliction of emotional distress, and negligent infliction of emotional distress.[2] Plaintiffs, who all experienced failed adoptions after contracting with MS to adopt children in Guatemala, allege that Defendants Robert McClenaghan,  Nina Heller, and Marcia Del Carpio d/b/a Main Street Adoption Services, LLP (collectively "MS"), engaged in a scheme to defraud Plaintiffs of money and to profit from the fees paid in cases of failed adoptions.

**LEGAL STANDARD**

Rule 42 (a) of the Federal Rules of Civil Procedure states in relevant part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The moving party bears the burden of proof in a motion for consolidation. Farahmand v. Rumsfeld, 2002 WL 31630709, at *1 (E.D. Pa., Nov. 20, 2002). The threshold requirement for determining whether consolidation is permissible is whether there exists a common question of law or fact. Id. Consolidation must be denied if there is no common issue tying the cases together. Rumsfeld, 2002 WL 31630709. However, even where commonalities exist, consolidation is not required. Id.

The court has broad discretion when determining whether consolidation is appropriate. Richardson v. U.S. Airways Group, Inc., 2001 U.S. Dist. LEXIS 10532, at *3 (E.D. Pa. July 16,

---

[2] This action was originally filed in the United States District Court for the Eastern District of Michigan as Civ. Action No. 2:08-cv-14511 and was later re-filed on June 7, 2011 in the United States District Court for the Eastern District of Pennsylvania under Civ. Action No. 11-3761in accordance with the ruling of the Sixth Circuit Court of Appeals.

2001). When exercising this discretion, the court must balance the benefits of judicial economy against the potential for prejudice, expense, or confusion. <u>Mincy v. Chmielewski</u>, 2006 WL 1997457, at *2  (M.D Pa. 2006) (quoting <u>Bernardi v. City of Scranton</u>, 101 F.R.D. 411, 413 (M.D.Pa. 1983). A motion to consolidate may be denied if the common issue is not a principle one, if it will lead to confusion of the issues, or prejudice a party to the action. <u>Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation</u>, 2009 WL 3644159, at *3 (E.D. N.Y. 2009).

DISCUSSION

The Turi Defendants now move this Court to consolidate two civil actions.  In their motion, the Turis argue, inter alia, that the two cases should be consolidated since they involve the same witnesses as well as similar factual issues.  For the reasons that follow, the Court finds that Defendants have failed to satisfy the requirement of Fed.R.Civ.P. 42 that the actions share a common question of law or fact.  While the two actions may have originated from similar transactions, they involve different legal questions arising from separate occurrences, and thus are inappropriate for consolidation.

While the cases include some mutual elements, the Defendants overstate the similarities between the two actions. In Civ. Action No. 11-3761 (hereinafter "RICO case"), the case involves ten plaintiffs (five different couples) and eleven counts, alleging violations of the RICO Act and multiple state law claims.   The second action, No. 09-05497, involves eight plaintiffs and six counts alleging violations of contracts, torts, civil, and trade aw (hereinafter "Defamation case"). It is clear that the two actions involve very different legal issues. Additionally, only two of the named defendants in the Defamation action, Melissa and Guy Turi, are also parties to the

4

RICO case.

The Turis contend that the two actions are related since the purported RICO violations are relevant to explaining the Turis' behavior in the Defamation case. Even if this was true, however, consolidation is not appropriate for purposes of establishing a defense. Consolidation is permitted as a matter of convenience and economy for the court. <u>Johnson v. Manhattan Ry Co.</u>, 289 U.S. 479, 496 (1933). Where the evidence in one case is not principle to the issues in the other, consolidation does little for judicial economy and would create a likelihood of prejudice by confusing the issues. <u>Rumsfeld</u>, 2002 WL 31630709.  In the instant matter, of the twenty individual parties involved in both cases, only five parties appear in both actions. Considering the few similarities that exist between the two cases, to proceed with all seventeen causes of action in a single action is improper.

For the foregoing reasons, Defendants' Motion to consolidate is Denied. An appropriate order follows.

**BY THE COURT**:

_____

**Hon. Petrese B. Tucker, U.S.D.J.**